Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| DONALD MARCANO RIVERA<br><br>Recurrida<br><br>v.<br><br>COMPAÑÍA DE FOMENTO INDUSTRIAL (PRIDCO)<br><br>Recurrente | TA2025RA00042 | Revisión Administrativa, procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: 2022-01-0209<br><br>Sobre: Destitución |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de agosto de 2025.

Comparece la Compañía de Fomento Industrial (PRIDCO o recurrente) mediante revisión judicial y solicita que revoquemos la *Resolución* de la Comisión Apelativa del Servicio Público, emitida el 2 de junio de 2025. En dicho dictamen, se resolvió ha lugar la apelación del señor Donald Marcano Rivera (señor Marcano Rivera o recurrido). Por los fundamentos que expresaremos, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de la destitución de un funcionario de la PRIDCO. Según el expediente, el 27 de junio de 2017, el área de Contabilidad Central de Gobierno del Departamento de Hacienda (DH) emitió la Carta Circular Núm. 1300-46-17 (Carta Circular) y en la cual informó que, a partir del 1 de julio de 2017, el

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

Gobierno de Puerto Rico adoptaría el sistema PayGo para así pagar la deficiencia de los Sistemas de Retiro para proveer los beneficios de los pensionados. Por tanto, las entidades gubernamentales deberían enviar el llamado Cargo de PayGo, en su totalidad, al DH mediante una cuenta bancaria del Sistema de Retiro del Banco Popular de Puerto Rico (BPPR).

Según el *Informe y Recomendación* del Oficial Investigador Francisco José González Magaz (Lcdo. González Magaz) e *Informe de la Oficial Examinadora* de la Comisionada Asociada, la Lcda. Maranyelí Medina Durán (Lcda. Medina Durán), ocurrió lo siguiente: (1) el 20 de diciembre de 2019, la señora Maribel Díaz Reyes (señora Díaz Reyes), Oficial de Contabilidad de la PRIDCO, recibió un correo electrónico aparentemente de la señora María M. Guzmán Rosado, Coordinadora Inter-Agencial de Recaudo en la División de Recaudaciones de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (ASR), y en el cual se solicitó mediante una carta anejada que se enviara los pagos del Sistema de Retiro a una nueva cuenta del Bank of America; (2) la señora Díaz Reyes le envió al recurrido un correo electrónico para referirlo a las instrucciones recibidas; (3) el 27 de diciembre de 2019 el señor Marcano Rivera, como Oficial de Contabilidad, realizó dicho cambio de cuenta; (4) el 17 de enero de 2020, el recurrido autorizó el pago de dos millones seiscientos nueve mil cuatrocientos noventa y cinco dólares con sesenta y siete centavos ($2,609,495.67) a la supuestamente nueva cuenta; (5) el 24 de enero de 2020, un funcionario de la PRIDCO le envió un correo electrónico a varios empleados para informar que la ASR instruirá cualquier cambio de cuenta mediante una carta circular, y no por correo

electrónico; y (6) el 7 de febrero de 2020, el recurrido procesó un pago por ciento sesenta mil ochocientos noventa dólares con setenta y dos centavos ($160,890.72) a la antes referida nueva cuenta, dicho pago efectuándose el 10 de febrero de 2020.

Ahora bien, según ambos informes, el mismo 24 de enero de 2020, la señora Neysa López Díaz, Contralora Interina de la PRIDCO, le envió un correo electrónico al señor Marcano Rivera y a otro empleado, en el cual les instruyó que verificaran y le dejaran saber si la cuenta utilizada para hacer los pagos de retiro se había cambiado. Presuntamente, el recurrido informó verbalmente a la señora López Díaz que no se habían hecho cambios de cuenta desde hace años. Del expediente no se desprende que la señora López Díaz haya dicho cuál era la cuenta bancaria correcta.

Poco después, el 10 de febrero de 2020, los funcionarios de la PRIDCO advinieron en conocimiento que habían sido víctimas de un esquema fraudulento mediante el correo electrónico desde el 20 de diciembre de 2019. Basándose en la información de que, el 27 de diciembre de 2019, el señor Marcano Rivera hizo el cambio de cuenta en controversia, el 13 de febrero de 2020 la Directora de la Oficina de Capital Humano y Asuntos le recomendó al Director Ejecutivo de la PRIDCO suspender al señor Marcano Rivera de manera inmediata de empleo, pero no de sueldo, mientras se investigaba la controversia. Según el informe del Lcdo. González Magaz, el recurrido nunca asistió a su entrevista, a pesar de haber sido citado como parte de la investigación.

Por todo lo anterior, entre otros detalles, el Lcdo. González Magaz concluyó que el recurrido debería haber sabido, mediante

corrobación, que el correo electrónico en controversia era fraudulento por su lenguaje y que debería haber seguido las instrucciones dispuestas en la Carta Circular y estado pendiente luego de conocer que el ASR había sido *hacked*. Además, dicho licenciado consideró que, del señor Marcano Rivera haber ofrecido a la señora López Díaz la información correcta sobre el cambio de cuentas, la situación se hubiera atendido con tiempo suficiente antes del segundo pago, el cual nunca se hubiera emitido bajo el esquema fraudulento.

El 27 de agosto de 2020, el Director Ejecutivo de la PRIDCO le notificó al señor Marcano Rivera de la intención de la agencia de destituirlo por el recurrido haber cometido las infracciones, 3, 6, 7, 24, 25, 53 y 54 del Artículo VIII del Reglamento de Normas de Conducta y Medidas Disciplinarias, Reglamento Núm. 8911 de 5 de octubre de 2016. Luego de celebrarse una vista informal y otros trámites procesales, el Secretario del Departamento de Desarrollo Económico y Comercio (DDEC) le cursó al señor Marcano Rivera una carta en la cual informó que se le impuso la medida disciplinaria de destitución, al amparo de la Ley Núm. 188 de 11 de mayo de 1942, Ley Núm. 141-2018, y la Enmienda al Reglamento de Normas de Conducta y Medidas Disciplinarias, Reglamento Núm. 8911 de 27 de enero de 2017.

Inconforme, el señor Marcano Rivera apeló ante la Comisión Apelativa del Servicio Público, la cual celebró vistas de interrogatorios de cuatro (4) testigos. En dichas vistas, la señora Fabiola Pérez Colón—Gerente de Recursos Humanos y Relaciones Laborales en la Oficina de Recursos Humanos y Relaciones Laborales del Departamento de Desarrollo Económico y Comercio—al igual que el Lcdo. González Magaz, testificaron que no entrevistaron al señor Marcano Rivera,

aunque el Lcdo. González Magaz admitió que, por lo que recordaba, no se hizo la notificación de la cita para la entrevista por conducto del abogado del recurrido. Además, el señor Marcano Rivera testificó que le había informado a la señora López Díaz que el cambio más reciente a la cuenta bancaria se hizo "el año pasado", y que éste desconocía que existía un fraude cuando fue inicialmente cuestionado sobre dicho cambio de cuenta. Excepto por el recurrido, no se presentaron otros testigos que estuvieran involucrados directamente con los hechos en controversia.

Posteriormente, el *Informe de la Oficial Examinadora*, preparado por la Lcda. Medina Durán, concluyó que PRIDCO no logró probar los hechos por los cuales el señor Marcano Rivera fue destituido de su puesto, ya que no presentó testigos que tuvieran conocimiento personal de los hechos, a pesar de que fueron los funcionarios involucrados. Además, la Lcda. Medina Durán explicó que se implementó la sanción más alta al recurrido por alegadamente contestarle a la señora López Díaz que la cuenta se cambió hace años—una declaración que nunca se evidenció—y no necesariamente por este haber cambiado la cuenta o haber efectuado los pagos a la cuenta fraudulenta. A razón de ello, la Comisión Apelativa del Servicio Público ordenó a PRIDCO a (1) dejar sin efecto la medida disciplinaria de destitución del puesto como Oficial de Contabilidad impuesta contra el recurrente; (2) reinstalar del recurrido en dicho puesto; (3) remover la carta de la medida disciplinaria del expediente de personal; y (4) a pagarle al recurrente los salarios y beneficios marginales dejados de percibir por el tiempo que estuvo destituido.

Insatisfecha, PRIDCO recurre ante este Tribunal y alega que la Comisión Apelativa del Servicio Público erró al no brindar el peso probatorio a la prueba no controvertida presentada por PRIDCO, siendo su determinación una contraria al expediente administrativo y no sustentada por el mismo. En oposición, el recurrido argumenta que (1) el Tribunal de Apelaciones le debe deferencia a las determinaciones de las agencias gubernamentales; (2) que se debe honrar el debido proceso de ley del señor Marcano Rivera, particularmente cuando involucra la privación de salario, empleo o sueldo de un empleado de carrera; (3) la prueba del recurrente fue controvertida; (4) que la parte recurrente no presentó testigos con conocimiento personal de los hechos, además del recurrido mismo.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que

solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978 (2009). Asimismo, las decisiones cuasi adjudicativas de las agencias deben expresar claramente sus determinaciones de hecho y las razones para sus decisiones, cual incluye los hechos básicos de los cuales se derivan aquellos. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425 (1997).

Por otro lado, el Artículo VIII del Reglamento de Normas de Conducta y Medidas Disciplinarias, *supra*, dispone que todo empleado que falsifique o altere documentos oficiales o haga declaraciones falsas será destituido en su primera falta. De su parte, se sancionará en su primera infracción con una amonestación formal a todo aquel funcionario haya (1) incurrido en ociosidad o falta de interés en el desempeño de sus deberes; (2) sido negligente o haya demostrado una falta de eficiencia o diligencia en el desempeño de sus funciones; (3) faltado en cumplir con las normas, órdenes administrativas, o reglamentos que regulen las operaciones de la PRIDCO; y (4) entorpecido, obstaculizado o limitado deliberadamente la producción y

el servicio que ofrece la PRIDCO. Íd., págs. 10-11, 16. Asimismo, a la primera infracción, se amonestará y posiblemente se suspenderá de empleo y sueldo por once (11) a veinte (20) días, por obstruir, entorpecer, obstaculizar o negarse a cooperar en cualquier investigación que realice la Oficina de Auditoría Interna o cualquier otra oficina de la PRIDCO, facultada a realizar investigaciones, auditores externos, así como cualquier otra agencia de gobierno facultada por ley a realizar investigaciones. Íd., pág. 17. Por otro lado, se sancionará al funcionario en su primera infracción con una suspensión de empleo y sueldo por once (11) a veinte (20) días, al igual que posiblemente destituir, por ocultar o tergiversar, a sabiendas y voluntariamente, hechos relacionados con asuntos de la PRIDCO y sus empleados. Íd., págs. 12-13.

En el presente caso, no advertimos que la Comisión Apelativa del Servicio Público haya abusado de su discreción o haya actuado de manera parcial, perjudicial o errada. Del expediente se desprende el carácter esencialmente fáctico de la controversia y el peso que con respecto a los hechos conserva dicha Comisión, luego de la celebración de la vista al efecto. En otras palabras, el foro recurrido no solamente tuvo ante sí varios informes investigativos y analíticos, sino también ejerció su discreción al interpretar la evidencia documental, basado en parte en los testimonios de los testigos presentados, al igual que los testigos que la recurrente omitió en presentar para interrogatorio. A esos efectos, el expediente no manifiesta una apreciación de la prueba o del derecho ostensiblemente errónea o ajena a su contenido, por lo cual no corresponde a este Tribunal suplantar el criterio expresado en la

determinación impugnada, que además resulta enteramente razonable en la adjudicación de la controversia.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones